NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSCILIN S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY[1], K.S., K.S., A.R., A.R., K.R., J.R., A.R.,
*Appellees*.

No. 1 CA-JV 14-0141
FILED 2-5-2015

Appeal from the Superior Court in Maricopa County
No. JD511240
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amanda Adams
*Counsel for Appellees*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27.  In the text of our decision, we refer to the agencies that were involved at the relevant times.

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**S W A N N**, Judge:

¶1        Joscilin S. ("Mother"), parent of K.S., K.S., A.R., A.R., K.R., J.R., and A.R. ("the Children"), appeals the juvenile court's order severing her parental rights pursuant to A.R.S. § 8-533(B)(2), on the ground that she neglected, willfully abused or failed to protect the Children from abuse. Mother does not deny that she neglected and abused the Children and failed to protect them from abuse; however, she argues that the juvenile court erred in severing her parental rights because the Arizona Department of Economic Security ("DES") failed to provide her with proper reunification services. We affirm and hold that DES made a sufficient effort to provide Mother with reunification services before her parental rights were severed.

**FACTS AND PROCEDURAL HISTORY**

¶2        On August 9, 2013, Child Protective Services ("CPS") removed the Children from Mother's care. The juvenile court ordered that Mother receive reunification services, including substance abuse testing through TASC, substance abuse assessment and treatment through TERROS, and visitation with some of the Children. The court also granted Mother's request to participate in Dependency Treatment Court.

¶3        In September and October 2013, after further evaluation of the Children, DES filed a petition seeking to sever Mother's parental rights and moved to discontinue providing reunification services to Mother. The court changed the Children's case plan to severance and adoption, but it also found that substance abuse services were appropriate and did not release DES from its obligation to provide those services to Mother. Five months later, the matter proceeded to an evidentiary hearing.

¶4        Mother left before the hearing commenced, informing her attorney that she no longer wished to contest the severance petition. Mother's counsel remained at the hearing, however, and the juvenile court proceeded in Mother's absence. The evidence presented at the hearing

established the following. On the night the Children were removed from Mother's care, the police were called by a third party to do a welfare check on four-year-old A.R. Mother and A.R.'s father maintained that A.R. was not at the house. However, after police officers spoke with A.R.'s father separately and explained that A.R. might need medical attention, A.R.'s father led the officers to A.R., who was hidden in a closet with second-degree burns covering approximately eight percent of his body. Mother and A.R.'s father eventually told police officers that they were in a fight and Mother threw a pot of boiling water from the stove at A.R.'s father while A.R. was standing nearby. A.R.'s father immediately sought medical care for himself, but in the 13 days between the incident and the Children's removal, the parents had failed to seek medical care for A.R. A.R. was transported to the Maricopa County Burn Unit where his treating physician reported that the lack of medical treatment had a significant impact on the healing process and that A.R. had almost required surgery. Mother and A.R.'s father were arrested and Mother tested positive for opiates and PCP -- she was pregnant with her eighth child at the time of her arrest.

¶5 Mother and A.R.'s father have a long history of domestic violence and have moved numerous times to avoid CPS. Because of this instability, none of the Children have received much, if any, education. K.S., who was ten years old at the time of this incident, did not know how to read or write. Twins, A.R. and A.R., who were seven years old, did not know how to read and could not identify colors, shapes, letters or numbers. The oldest child, then-eleven-year-old K.S., is autistic and epileptic, his medication had not been adjusted in the two years before this incident, and he was frequently having seizures. K.S. had not received any vaccinations (like most of the Children) and was fully incontinent when the Children were taken into CPS custody.

¶6 The Children reported that they witnessed their parents engaging in sexual activities and they disclosed that sexual activities had taken place between some of the Children. The Children also reported that their parents did not feed them at home: they were limited to eating at school because dinner was "just for adults." Most of the Children have emotional and developmental delays, and all of the Children have experienced physical abuse, including being hit with belts, extension cords, and shoes.

¶7 The CPS case manager testified that DES had requested to be relieved from continuing to offer reunification services because it did not believe any services could remedy the abuse and neglect that the Children had suffered. She stated that the TASC and TERROS services were put in

place because Mother tested positive for opiates and PCP, and that those services had the ability to address Mother's psychiatric issues once she was enrolled and stabilized. However, Mother had only attended the intake and "maybe one appointment" since those services had been made available to her.[2] The case manager noted that at this point, the best she could do was try to get Mother clean and sober so she could think clearly and try to stabilize her situation. Mother, however, never took advantage of those services.

**¶8** The court found that DES had proven that severance was appropriate based on Mother's neglect and abuse of the Children and her failure to protect the Children from abuse under A.R.S. § 8-533(B)(2). The court also found that severance was in the Children's best interests. Additionally, the court found that DES had made reasonable efforts to provide appropriate reunification services to the parents. Accordingly, the court severed Mother's parental relationship with the Children. After the court filed a written severance order, Mother timely filed a notice of appeal.

## STANDARD OF REVIEW

**¶9** Because the juvenile court is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings, we accept the juvenile court's findings of fact unless no reasonable evidence supports them. *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13, 256 P.3d 628, 631 (App. 2011). We will not reverse a severance order unless it is clearly erroneous. *Pima Cnty. Severance Action No. S-2397*, 161 Ariz. 574, 577, 780 P.2d 407, 410 (App. 1989).

## DISCUSSION

**¶10** Mother does not dispute that she neglected, willfully abused, and failed to protect the Children from abuse. Because Mother failed to appear at the severance hearing, and told her attorney that she no longer wished to contest the allegations in the severance petition, she is deemed to have admitted those allegations. *See* A.R.S. § 8-537(C) (stating that if a parent does not appear at the termination adjudication hearing, the court may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by failure to appear).

---

[2] Mother did submit to some of the random drug tests requested by TASC, but she tested positive for opiates 13 out of the 14 times she complied with a request.

Therefore, the sole issue on appeal is whether DES provided Mother with appropriate reunification services before her parental rights were severed.

¶11        "DES is not required to provide every conceivable service or to ensure that a parent participates in each service it offers." *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353, 884 P.2d 234, 239 (App. 1994). And "failure or refusal to participate in the programs and services DES offered or recommended does not foreclose termination of [ ] parental rights." *Id.*   Furthermore, DES is not obligated to undertake futile rehabilitative measures; rather, it should only provide those that offer a reasonable possibility of success. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.,* 193 Ariz. 185, 187, ¶ 1, 971 P.2d 1046, 1048 (App. 1999).

¶12        DES provided Mother with the opportunity to participate in substance abuse testing through TASC and substance abuse assessment and treatment through TERROS.  She chose not to take part in those services.  Nevertheless, Mother argues that she should have been provided with additional services to address her deficient parenting skills. We fail to see how Mother could have benefitted from additional services when she declined to participate in a program designed to first address her drug addiction.  Further efforts to provide Mother with parenting-skills services would have been futile given her failure to participate in the services offered to her.  Moreover, the severity of the neglect and abuse in this case leaves us convinced that services aimed at the enhancement of parenting skills could not reasonably be expected to protect the Children while in her care.  DES made reasonable efforts to provide Mother with reunification services and was not required to provide her with additional services when she chose not to engage.

¶13        Furthermore, even if we assume *arguendo* that DES failed to provide appropriate reunification services, we would nonetheless uphold the severance of Mother's parental rights because the juvenile court was not required to find that DES provided Mother with proper reunification services.  A.R.S. § 8-846(D)(1)(d) provides that reunification services need not be provided if the court finds that the parent committed an act that constitutes a dangerous crime against children, or caused a child serious physical or emotional injury, or the parent knew or should have known that another person committed a dangerous crime against children or caused a child to suffer serious physical or emotional injury.  The juvenile court's severance order clearly reflects such a finding.  The court found that "[M]other has physically abused her child or failed to protect her child from abuse," and that A.R. was hospitalized due to serious physical injuries caused by abuse suffered at the hands of his parents.  The court further

found that "the parents have neglected the children's educational, medical and developmental needs," causing many of the Children mental and emotional harm. Therefore, the court was not required to find that DES made reasonable efforts to provide Mother with appropriate reunification services.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama